UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKHRYAR MOHAMMAD AHAMADKHIL,

Petitioner,

v.

WARDEN, et al.

Respondents.

No.  1:26-cv-2139-DAD-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner alleges he is a citizen of Afganistan.  ECF No. 1 at ¶ 1.  He entered the United States on or about October 20, 2023 at a port of entry.  *Id*.  He was briefly detained then released with an ankle monitor upon a determination that he is neither a flight risk nor a danger to the public.  *Id*.  He has employment authorization and a pending asylum case.  *Id*. at ¶ 6.  He alleges, and respondents do not dispute, that he complied with all reporting requirements until December 15, 2025, when he missed a check-in because he feared being arrested there based on reports that such detentions were occurring.  *Id*. at ¶¶ 4-5.  He was stopped while attempting to cross to Canada and placed in detention in December 2025, where he remains.  *Id*. ¶ 5.

He asserts that 1) he has no criminal record or charges, and 2) there has been no material change in circumstances since his previous release from custody.  *Id*. ¶¶ 6, 19, 29-33.  Respondents do not dispute these assertions.  *See* ECF No. 6.  He has not received a bond hearing.  ECF No. 1 at ¶ 9.

1

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**ANALYSIS**

Petitioner's release in October 2023 with an ankle monitor and reporting requirements signals an implicit or explicit finding that he was not dangerous or a flight risk. In the present circumstances, neither his missed check-in appointment nor his attempt to enter Canada materially affect the findings made in October 2023. He acknowledges that he made a poor decision based on a panicked reaction to stories about other persons who were detained when they reported for their appointments. ECF No. 1 at ¶¶ 4-5. Petitioner has no criminal history. He is not subject to a final order of removal. He also has family who rely on him. *Id*. at ¶ 6.

Considering all these factors, and consistent with the court's reasoning and ruling in *Rocha Chavarria v. Chestnut,* No. 1:25-cv-1755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), the undersigned finds that petitioner's detention without pre-deprivation notice and hearing violated the Due Process Clause of the Fifth Amendment.[1] Accordingly, the undersigned recommends that respondents be ordered to immediately release petitioner and be enjoined from re-detaining him without constitutionally adequate pre-deprivation procedures.

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on counts one and two based on violation of the Fifth Amendment due process clause.

---

[1] In the interests of judicial economy, the court does not reach the remaining claims of the petition regarding alleged violations of the Immigration and Nationality Act (INA), the *Acardi* Doctrine, and the Fourth Amendment.

2) Respondents be ordered to immediately release petitioner from custody with the same conditions he was subject to immediately prior to his detention in December 2025.

3) At the time of his release, respondents be required to return all of petitioner's documents and possessions in their custody and control.

4) Respondents be directed to not re-detain petitioner without providing him notice and a pre-deprivation hearing before an immigration judge where the government has the burden to demonstrate a change in circumstances by clear and convincing evidence.

5) The Clerk be directed to serve the California City Corrections Center with a copy of the Court's order.

6) These recommendations do not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order or removal and petitioner receives notice of that final order of removal.

7) The Clerk of Court be directed to enter judgment in petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 26, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE